48 F.3d 1222
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Julie MASON, Plaintiff-Appellant,
v.
WAUKESHA COUNTY, Honorable J. Mac Davis, Circuit Court
Children's Division, Waukesha County, Marylee D.
Wilkinson, Assistant Corporation
Counsel, Waukesha County, et
al., Defendants-Appellees.
 Nos. 94-2670, 94-2831.
 United States Court of Appeals, Seventh Circuit.
 Argued: Dec. 2, 1994.
Decided: Jan. 27, 1995.
 
 Before CUMMINGS, BRIGHT* and PELL, Circuit Judges.
 
 ORDER
 
 1
 In December 1993, plaintiff Julie Mason filed a complaint against Waukesha County, Wisconsin; Judge J. Mac Davis, the presiding judge of the Circuit Court of Waukesha County, Children's Division; Marylee D. Wilkinson, Assistant Corporation Counsel for Waukesha County; Jeffrey Stuberg, an employee of the Waukesha County Department of Health & Human Services; and Samuel Benedict, an employee of the Wisconsin Office of Public Defender in Waukesha, Wisconsin.
 
 Background
 
 2
 On August 12, 1993, plaintiff filed a CHIPS [Child in Need of Protection or Services] petition (No. 93-20-0584) with the Children's Division of the Waukesha County Court. In her petition, plaintiff requested that "the court enter an order determining the status of the named child and to provide for future care, custody, status and other such disposition and provision as the court deems necessary" because she was unable to control her 16-year-old son, who was habitually truant and allegedly abused drugs and alcohol.
 
 
 3
 After the son allegedly failed to abide by a consent decree entered by the court requiring him to go to school and obey household rules, plaintiff filed another petition on November 11, 1993 (No. 93-20-0584B) seeking to have her son placed in a state facility or out-of-state boarding school. On the same day, Assistant Corporation Counsel Marylee Wilkinson filed a third CHIPS petition (No. 93-20-0584A) concerning the son's continued habitual truancy
 
 
 4
 Defendant Judge Davis presided over juvenile court proceedings instigated by these three petitions. Defendant Wilkinson represented the public and defendant Benedict, a public defender, was appointed to represent the son. Defendant Stuberg was a social worker assigned to the case.
 
 
 5
 At a fact-finding hearing on December 7, 1993, plaintiff sought to dismiss her petition (presumably 0584B but it is not clear) and requested permission to place her son in an out-of-state boarding school. Judge Davis told her that as the son's parent[1] she had the right to place him in school where she wished, but that because he found the son to be in need of protection and services a dispositional hearing was required and set for December 14, 1993. On December 9, 1993, plaintiff employed a professional restrainer and forcibly removed her son from the state of Wisconsin to the DeSisto school in the state of Massachusetts where he was held, by plaintiff's instructions, incommunicado from his court-appointed lawyer. Neither plaintiff nor her son appeared at the December 14 hearing. On December 17, 1993, at a hearing at which plaintiff personally appeared, Judge Davis ordered plaintiff to allow communication between her son and his lawyer and to take all reasonable steps to produce her son for a dispositional hearing on January 4, 1994.
 
 
 6
 Plaintiff sought from the state appellate court a supervisory writ to force Judge Davis to withdraw his order requiring communication with and production of her son. The appellate court refused to grant the writ. On December 29, 1993, Judge Lee S. Dreyfus, Jr. of the Waukesha County Circuit Court held plaintiff in contempt and ordered her to pay $500 a day for every day she was in non-compliance with Judge Davis' order.
 
 
 7
 Plaintiff then commenced the present action seeking damages against Waukesha County, Wilkinson, Stuberg and Benedict and a preliminary injunction "directing that the defendant Davis withdraw and reverse his order of December 17, 1993, and that no further orders of any kind be directed to the plaintiff." The complaint claims that the defendants' actions were "an unconstitutional abridgment and interference with the liberty of the plaintiff and a violation of due process in contravention of the Fourteenth Amendment."
 
 
 8
 On February 1, 1994, Judge Davis dismissed the remaining CHIPS petitions after determining that the DeSisto School was a suitable placement for plaintiff's son.
 
 
 9
 On June 16, 1994, District Judge Curran filed an opinion granting summary judgment to Waukesha County, Wilkinson and Stuberg, and granting Judge Davis' and Benedict's motions to dismiss. The judge noted that defendants' submissions showed that they acted in accordance with law and that, in any event, they were protected by absolute immunity in light of their quasi-judicial conduct, citing Imbler v. Pachtman, 424 U.S. 409, which held that prosecutors were entitled to absolute immunity from suit for damages under 42 U.S.C. Sec. 1983.
 
 
 10
 On June 24, 1994, plaintiff filed a motion to alter or amend the June 16 judgment on the ground that defendants had failed to comply with discovery demands. On July 19, 1994, Judge Curran issued an order stating that his June 16 opinion had been based on legal issues and on the record generated in the state court proceedings, and that plaintiff had not set forth any facts showing that the taking of depositions would alter the June 16 decision. Consequently, the motion to alter or amend the judgment was denied. Thereafter, plaintiff appealed from the opinion and order of June 16, 1994, and the order of July 19, 1994.
 
 Discussion
 
 11
 Defendants' November 7, 1994 motion to strike pages 1 - 7 of plaintiff's reply brief and also the appendix thereto is denied because we take judicial notice of the contents of the appendix containing excerpts from Judge Davis' December 7, 1993 hearing in Case No. 93-20-0584, and therefore may consider the relevant pages 1 - 7 of plaintiff's reply brief. As a result of this ruling, plaintiff's subsequent motion to take judicial notice is denied as moot.
 
 
 12
 Plaintiff's claims are based on actions taken by the various defendants during judicial proceedings in the Waukesha County Circuit Court. Judges, prosecutors, public defenders and social workers all are protected by absolute immunity for their in-court actions. Imbler v. Pachtman, 424 U.S. 409 (prosecutor has absolute immunity from Sec. 1983 claim), Millspaugh v. County Dep't of Public Welfare, 937 F.2d 1172 (7th Cir. 1991) (social worker has absolute immunity for activities connected with judicial proceeding).
 
 
 13
 Plaintiff argues that immunity does not attach in this case because the proceedings in question were not "legitimate" judicial proceedings because the court lacked personal jurisdiction over her since she "withdrew her petition" (Br. 5). Even if we accept her argument that a mistaken assertion of personal jurisdiction strips the judge and all participants of absolute immunity for actions taken during subsequent proceedings (which we do not), she is mistaken in her claim that the court lacked personal jurisdiction over her.
 
 
 14
 If her second petition (0584B) was the one dismissed on December 7, 1993 by Judge Davis, her original petition (0584) remained. If 0584 was the one dismissed on December 7, then her second petition (0584B) remained. Moreover, even if plaintiff had dismissed both of her petitions, the petition filed by the state (0584A) remained. Under Wisconsin law, a court may exercise jurisdiction over a custodial parent in a CHIPS proceeding whether or not the parent is a party. Wis. Stat. Section 48.27. Under any of these scenarios, Judge Davis retained jurisdiction over plaintiff. Therefore, even under plaintiff's theory Judge Davis and the other defendants retained their absolute immunity for their alleged wrongs committed during the son's juvenile court proceedings.
 
 
 15
 While plaintiff asserts that summary judgment in favor of defendants Waukesha County, Stuberg and Wilkinson was improper before plaintiff completed discovery, there has been no showing how the fruits of discovery would allow her to breach their quasi-judicial defense of absolute immunity. Discovery should not be allowed if, as here, these three defendants were already entitled to a defense. Harlow v. Fitzgerald, 457 U.S. 800, 818.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The Honorable Myron H. Bright of the United States Court of Appeals for the Eighth Circuit is sitting by designation
 
 
 [1]
 Plaintiff and her husband, now living in Florida, are divorced. Apparently the plaintiff has custody of the boy who has been living with his mother and stepfather in Elm Grove, Wisconsin